MARC J. FAGEL (Cal. Bar No. 154425)
ROBERT TASHJIAN (Cal. Bar No. 191007)
   tashjianr@sec.gov
ELENA RO (Cal. Bar No. 197308)
   roe@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2600
San Francisco, California 94104
Telephone: (415) 705-2500
Facsimile: (415) 705-2501

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. 09-cv-01177 RMW |
| Plaintiff, | |
| vs. | TEMPORARY RESTRAINING ORDER |
| ALBERT K. HU, ASENQUA, INC., ASENQUA CAPITAL MANAGEMENT, LLC, AQC ASSET MANAGEMENT, LTD.; and FIRESIDE CAPITAL MANAGEMENT, LTD., | |
| Defendants. | |

This matter came before the Court on the *ex parte* application of plaintiff Securities and Exchange Commission ("Commission") for a temporary restraining order. The Court has received and considered the Commission's complaint, application, memorandum of points and authorities, the declarations of Lynne Born, Lucas Chang, Andrea Dulberg, Jay Gould, Robert Kafin, Fuyuan Lin, Jeffrey B. Maletta, Elena Ro, Sundara Sim, Robert L. Tashjian, Zhou Ye, and Marc Verdiell, and all exhibits attached to those declarations, and all other submissions, written or oral, at or before the hearing.

Good cause appearing, the Court finds:

1. This Court has jurisdiction over the parties and the subject matter of this action, pursuant to Sections 20(b) and 22(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77t(b) and 77v(a)], Sections 21(d), 21(e), and 27 of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78u(d), 78u(e), and 78aa], and Sections 209 and 214 of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-9 and 80b-14].

2. This District is an appropriate venue for this action pursuant to Section 22 of the Securities Act [15 U.S.C. § 77v], Section 27 of the Exchange Act [15 U.S.C. § 78aa], and Section 214 of the Advisers Act [15 U.S.C. § 80b-14].

3. The Commission has demonstrated good cause to be relieved from its obligation to provide advance notice of its *ex parte* application for a temporary restraining order pursuant to Rule 65(b) of the Federal Rules of Civil Procedure and Rule 65-1(b) of the Court's Local Rules. The Court finds that the Commission reasonably believed that advance notice of its *ex parte* application would interfere with a criminal investigation. Furthermore, the Court finds that the Commission had reason to be concerned that defendants would transfer investor assets out of the United States if defendants were provided advance notice of the Commission's *ex parte* application.

4. The Commission has demonstrated a likelihood of success on the merits of its action and that the balance of hardships weighs in its favor. With respect to the balance of hardships, the public interest weighs strongly in favor of issuance of injunctive relief.

5. Good cause exists to believe that defendants Albert K. Hu and Asenqua, Inc., Asenqua Capital Management, LLC, AQC Asset Management, Ltd., and Fireside Capital Management, Ltd. (collectively, the "Asenqua defendants") have engaged in, are engaging in, and are about to engage in transactions, acts, practices and courses of business which constitute and will constitute violations of Section 17(a) of the Securities Act [15 U.S.C. § 17q(a)], Section 10(b) of the Exchange Act [15 U.S.C. § 78(j)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5], and Sections 206(1), 206(2), and 206(4) of the Advisers Act [15 U.S.C. §§ 80b-6(1), 80b-6(2), 80b-6(4)] and Rule 206(4)-8 thereunder [17 C.F.R. § 275.206(4)-8].

6. Good cause exists to believe that immediate and irreparable injury will occur with respect to investor funds, including those held by each individually and those they hold jointly, which would adversely affect the ability of the Court to grant final effective relief in equity and at law, unless the Hu and the Asenqua defendants are immediately restrained and enjoined from controlling those assets and are required to repatriate assets.

7. Good cause exists to believe that there is an immediate and irreparable risk of injury to or loss of defendants' records, unless Hu and the Asenqua defendants are immediately restrained and enjoined from destroying them.

8. Good cause exists to permit immediate discovery by the parties under the Federal Rules of Civil Procedure to allow the parties to present facts to the Court at a hearing, if required, to determine whether a preliminary injunction should be issued.

9. Good cause exists for an order, pursuant to Rules 4(f)(3) and 4(h)(2) of the Federal Rules of Civil Procedure, permitting service by means not prohibited by international agreement. Specifically, the Court finds good cause to authorize service by e-mail on Hu outside of the United States. As demonstrated in the Commission's supporting papers, investors received e-mail messages from Hu sent from the following e-mail addresses: ahu@asenquavc.com (*see* Lin Decl. ¶ 17 (as of September 3, 2008); Verdiell Decl. ¶ 9 (as of September 18, 2008); Ye ¶ 5 (as of September 19, 2008)); ahu@asenqua.com (*see* Lin Decl. ¶ 17 (in 2005)); and ahu@agr.sg (*see* Verdiell Decl. ¶ 9 (as of April 11, 2008); Ye Decl. ¶ 5

(as of December 3, 2008)). The Court finds that service by e-mail at the e-mail addresses identified above is reasonably calculated to apprise Hu of the pendency of the Commission's action. Similarly, the Court finds that service by International FedEx (or by an international courier of equivalent reliability) on defendants AQC Asset Management, Ltd. and Fireside Capital Management, Ltd. in the British Virgin Islands is reasonably calculated to apprise Hu of the pendency of the Commission's action.

Therefore,

## I.

IT IS HEREBY ORDERED THAT defendant Albert K. Hu and defendants Asenqua, Inc., Asenqua Capital Management, LLC, AQC Asset Management, Ltd., and Fireside Capital Management, Ltd., and their respective officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, are temporarily restrained and enjoined from, in the offer or sale of any securities, by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails, directly or indirectly:

A. employing any device, scheme, or artifice to defraud;

B. obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

C. engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser;

in violation of Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)].

## II.

IT IS FURTHER ORDERED THAT defendant Albert K. Hu and defendants Asenqua, Inc., Asenqua Capital Management, LLC, AQC Asset Management, Ltd., and Fireside Capital Management, Ltd., and their respective officers, agents, servants, employees, attorneys, and

those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, are temporarily restrained and enjoined from, directly or indirectly, in connection with the purchase or sale of any securities, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

    A.    employing any device, scheme or artifice to defraud;

    B.    making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    C.    engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

in violation of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

## III.

IT IS FURTHER ORDERED THAT defendant Albert K. Hu and his officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, is temporarily restrained and enjoined from, directly or indirectly, by the use of any means or instrumentality of interstate commerce:

    A.    employing any device, scheme, or artifice to defraud any client or prospective client; or

    B.    engaging in any transaction, practice or course of business which operates as a fraud or deceit upon any client or prospective client;

in violation of Sections 206(1) and 206(2) of the Advisers Act [15 U.S.C. §§ 80b-6(1) and 80b-6(2)].

## IV.

IT IS FURTHER ORDERED THAT defendant Albert K. Hu and his officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any

of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, is temporarily restrained and enjoined from, directly or indirectly, by the use of any means or instrumentality of interstate commerce:

    A. making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, to any investor or prospective investor in a pooled investment vehicle; or

    B. otherwise engaging in any act, practice or course of business that is fraudulent, deceptive, or manipulative with respect to any investor or prospective investor in a pooled investment vehicle;

in violation of Section 206(4) of the Advisers Act [15 U.S.C. § 80b-6(4)] and Rule 206(4)-8 thereunder [17 C.F.R. § 275.206(4)-8].

## V.

IT IS FURTHER ORDERED THAT defendant Albert K. Hu and defendants Asenqua, Inc., Asenqua Capital Management, LLC, AQC Asset Management, Ltd., and Fireside Capital Management, Ltd., and their respective officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, are temporarily restrained and enjoined from transferring, assigning, selling, hypothecating, changing, wasting, dissipating, converting, concealing, encumbering, or otherwise disposing of, in any manner, funds, assets, securities, claims, or other property wherever located in their possession or under their control, including but not limited to the assets in accounts owned, controlled, or opened for their benefit at the following financial institutions and brokerage firms:

    1. Bank of America
    2. Bank Sinopac
    3. China Trust Commercial Bank (Taiwan)
    4. China Trust Commercial Bank, Ltd (Hong Kong)
    5. Cosmos Bank

6. Credit Suisse

7. E. Sun Commercial Bank

8. Far Eastern International Bank

9. First Republic Bank

10. Hang Seng Bank

11. Hong Kong and Shanghai Banking Corp. (HSBC)

12. Hua Nan Commercial Bank, Ltd.

13. UBS AG

14. US Bank

15. Sarasin-Rabo (Asia) Bank

16. Sunny Bank

17. Washington Mutual Bank

18. Wells Fargo Bank

VI.

IT IS FURTHER ORDERED THAT an immediate freeze shall be placed on all monies and assets in all accounts at any bank, financial institution or brokerage firm holding accounts in the name or for the benefit of defendant Albert K. Hu or defendants Asenqua, Inc., Asenqua Capital Management, LLC, AQC Asset Management, Ltd., or Fireside Capital Management, Ltd., and that all banks, financial institutions and brokerage firms holding any such account shall not permit transactions in such accounts without further order of the Court.

VII.

IT IS FURTHER ORDERED THAT defendant Albert K. Hu and defendants Asenqua, Inc., Asenqua Capital Management, LLC, AQC Asset Management, Ltd., and Fireside Capital Management, Ltd. shall within 21 days of this Order submit to the Court a verified accounting identifying: (i) the location and disposition of all funds received from investors; (ii) the location and disposition of all accounts controlled by defendants or held for their benefit; and (iii) the location and value of all investor assets currently held by defendants, as well as all other assets under defendants' control or over which they may exercise actual or apparent

authority, including without limitation any assts over which they claim a right of ownership or a beneficial interest.

## VIII.

IT IS FURTHER ORDERED THAT defendant Albert K. Hu and defendants Asenqua, Inc., Asenqua Capital Management, LLC, AQC Asset Management, Ltd., and Fireside Capital Management, Ltd., and their respective officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, within ten (10) days of entry of this order, shall repatriate, and take such steps as are necessary to repatriate to the territory of the United States of America, any and all assets and funds, held by or in the name of or for the benefit of defendants, or over which any of them maintained or maintains or exercises or exercised control.  Further, with ten (10) days of such repatriation, defendants will file with the Court notice of the place where the assets are held within the United States and the steps taken to maintain their safekeeping.

## IX.

IT IS FURTHER ORDERED THAT the parties may immediately take discovery by any means authorized under the Federal Rules of Civil Procedure.

## X.

IT IS FURTHER ORDERED THAT defendant Albert K. Hu and defendants Asenqua, Inc., Asenqua Capital Management, LLC, AQC Asset Management, Ltd., and Fireside Capital Management, Ltd., and their respective officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, shall keep, preserve and maintain all of their books, records, papers, account statements, computers, e-mail, electronic data, journals, data bases, calendars, hard drives, flash drives, or any other documents, materials and media (however created, produced, or stored) that relate to any of the matters raised in this proceeding.

XI.

IT IS FURTHER ORDERED THAT, pursuant to Rule 4(f)(3) of the Federal Rules of Civil Procedure, in addition to service otherwise permitted by rule, service on defendant Albert K. Hu of all papers in this case, including without limitation all pleadings, orders, motions, discovery requests and responses, and all documents otherwise authorized by rule to be filed or served on a party, may be served by e-mail to the following e-mail addresses: ahu@asenquavc.com; ahu@asenqua.com; and ahu@agr.sg. In addition, the Court orders the Commission to make a good faith effort to serve Hu personally if such service is not prohibited by international agreement.

XII.

IT IS FURTHER ORDERED THAT, pursuant to Rules 4(f)(3) and 4(h)(2) of the Federal Rules of Civil Procedure, in addition to service otherwise permitted by rule, service on defendants AQC Asset Management Ltd. and Fireside Capital Management, Ltd. in the British Virgin Islands, of all papers in this case, including without limitation all pleadings, orders, motions, discovery requests and responses, and all documents otherwise authorized by rule to be filed or served on a party, may be served by International FedEx (or by an international courier of equivalent reliability).

Issued on March 19, 2009, at 4:55 p.m. PDT.

_____
*Ronald M. Whyte*
UNITED STATES DISTRICT JUDGE