MARC J. FAGEL (Cal. Bar No. 154425)
ROBERT TASHJIAN (Cal. Bar No. 191007)
    tashjianr@sec.gov
ELENA RO (Cal. Bar No. 197308)
    roe@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE
COMMISSION
44 Montgomery Street, Suite 2800
San Francisco, California  94104
Telephone:  (415) 705-2500
Facsimile:  (415) 705-2501

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>ALBERT K. HU,<br>ASENQUA, INC.,<br>ASENQUA CAPITAL MANAGEMENT, LLC,<br>AQC ASSET MANAGEMENT, LTD., and<br>FIRESIDE CAPITAL MANAGEMENT, LTD.,<br><br>　　　　Defendants. | Case No.  09-CV-1177 RMW<br><br>[PROPOSED] FINAL JUDGMENT AGAINST ALL DEFENDANTS |

This matter came before the Court on motion from plaintiff Securities and Exchange Commission (the "Commission"). The Court has received and considered the motion, the Commission's memorandum of points and authorities, the Declaration of Robert L. Tashjian, the Request for Clerk's Entry of Default, and all exhibits attached to the declaration, and all other submissions, written or oral, at or before the hearing.

Good cause appearing, the Court orders as follows:

## I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that defendant Albert K. Hu and defendants Asenqua, Inc., Asenqua Capital Management, LLC, AQC Asset Management, Ltd., and Fireside Capital Management, Ltd., and their respective officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)   to employ any device, scheme, or artifice to defraud;

(b)   to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)   to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that defendant Albert K. Hu and defendants Asenqua, Inc., Asenqua Capital Management, LLC, AQC Asset Management, Ltd., and Fireside Capital Management, Ltd., and their respective officers, agents, servants, employees, attorneys, and those persons in active concert or

participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

### III.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that defendant Albert K. Hu and his officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, is permanently restrained and enjoined from violating Sections 206(1) and 206(2) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-6(1) and 80b-6(2)], by the use of any means or instrumentality of interstate commerce, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud any client or prospective client; or

    (b)    to engage in any transaction, practice or course of business which operates as a fraud or deceit upon any client or prospective client.

### IV.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that defendant Albert K. Hu and his officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, is permanently restrained and

enjoined from violating Section 206(4) of the Advisers Act [15 U.S.C. § 80b-6(4)] and Rule 206(4)-8 thereunder [17 C.F.R. § 275.206(4)-8], by the use of any means or instrumentality of interstate commerce, directly or indirectly:

(a)     to make any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, to any investor or prospective investor in a pooled investment vehicle; or

(b)     otherwise to engage in any act, practice or course of business that is fraudulent, deceptive, or manipulative with respect to any investor or prospective investor in a pooled investment vehicle.

## V.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that defendant Albert K. Hu and defendants Asenqua, Inc., Asenqua Capital Management, LLC, AQC Asset Management, Ltd., and Fireside Capital Management, Ltd., are jointly and severally liable for disgorgement of $_____, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $_____, for a total of $_____. Defendants shall satisfy this obligation by paying $_____ to plaintiff Securities and Exchange Commission within 14 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendants may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

    Enterprise Services Center
    Accounts Receivable Branch
    6500 South MacArthur Boulevard
    Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the following: the case title; the civil action number; the name of this Court; defendants Albert K. Hu, Asenqua, Inc., Asenqua Capital Management, LLC, AQC Asset Management, Ltd., and Fireside Capital Management, Ltd. as defendants in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission shall hold the funds (collectively, the "Fund") and may propose a plan to distribute the Fund subject to the Court's approval. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. Defendants shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

**VI.**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that defendant Albert K. Hu and defendants Asenqua, Inc., Asenqua Capital Management, LLC, AQC Asset Management, Ltd., and Fireside Capital Management, Ltd., shall jointly and severally pay a civil penalty in the amount of $_____ to plaintiff Securities and Exchange Commission pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)], Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)], and Section 209(e) of the Advisers Act [15 U.S.C. § 80b-9(e)]. Defendants shall make this payment within 14 days after entry of this Final Judgment.

1  Defendants may transmit payment electronically to the Commission, which will
2  provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be
3  made directly from a bank account via Pay.gov through the SEC website at
4  http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank
5  cashier's check, or United States postal money order payable to the Securities and Exchange
6  Commission, which shall be delivered or mailed to

>   Enterprise Services Center
>   Accounts Receivable Branch
>   6500 South MacArthur Boulevard
>   Oklahoma City, OK 73169

10  and shall be accompanied by a letter identifying following:  the case title; the civil action
11  number; the name of this Court; defendants Albert K. Hu, Asenqua, Inc., Asenqua Capital
12  Management, LLC, AQC Asset Management, Ltd., and Fireside Capital Management, Ltd. as
13  defendants in this action; and specifying that payment is made pursuant to this Final
14  Judgment.
15  Defendants shall simultaneously transmit photocopies of evidence of payment and
16  case identifying information to the Commission's counsel in this action.  By making this
17  payment, defendants relinquishes all legal and equitable right, title, and interest in such funds
18  and no part of the funds shall be returned to defendants.  The Commission shall send the
19  funds paid pursuant to this Final Judgment to the United States Treasury.  Defendants shall
20  pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

## VII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated the __ day of _____, 2013.

_____
UNITED STATES DISTRICT JUDGE